UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Richard Anderson, et al. ,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Civil Action No. 06-1565 (JDB) |
| | ) |
| **Margaret Spellings, Secretary,** | ) |
| **U.S. Department of Education** | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

Now comes the Defendant, Margaret Spellings, Secretary, United States Department of Education, by and through Counsel and hereby answers the Plaintiffs' Complaint as follows:

### AFFIRMATIVE DEFENSES

#### First Defense

The complaint fails to state a claim upon which relief may be granted.

#### Second Defense

This Court lacks jurisdiction over certain claims in this action, as Plaintiffs Tellier and Evans have not exhausted their administrative remedies.

#### Third Defense

As a separate and further defense, answering specifically the numbered paragraphs of Plaintiffs' Complaint, and without waiving any defenses and/or objections, Defendant admits, denies, or otherwise avers as follows:

**I. Nature of the Claim**

1. Paragraph 1 contains Plaintiffs' characterization of their cause of action to which no response is required. To the extent Paragraph 1 may be deemed to contain factual averments

requiring an answer, Defendant denies Paragraph 1.

2. Paragraph 2 contains Plaintiffs' characterization of their cause of action to which no response is required. To the extent Paragraph 2 may be deemed to contain factual averments requiring an answer, Defendant denies Paragraph 2.

3. Paragraph 3 contains Plaintiffs' characterization of their cause of action to which no response is required. To the extent Paragraph 3 may be deemed to contain factual averments requiring an answer, Defendant denies Paragraph 3.

4. Paragraph 4 contains Plaintiffs' characterization of their cause of action to which no response is required. To the extent Paragraph 4 may be deemed to contain factual averments requiring an answer, Defendant denies Paragraph 4.

5. Paragraph 5 contains Plaintiffs' characterization of their cause of action to which no response is required. To the extent Paragraph 5 may be deemed to contain factual averments requiring an answer, Defendant denies Paragraph 5.

6. Paragraph 6 contains Plaintiffs' characterization of their cause of action to which no response is required. To the extent Paragraph 6 may be deemed to contain factual averments requiring an answer, Defendant denies Paragraph 6.

7. Paragraph 7 contains Plaintiffs' characterization of their cause of action to which no response is required. To the extent Paragraph 7 may be deemed to contain factual averments requiring an answer, Defendant denies Paragraph 7. Defendant further states that it offered named Plaintiffs the same relocation benefits it previously offered to similarly situated Department employees, consistent with the provisions of the Federal Travel Regulations and Department policies.

8. Paragraph 8 contains Plaintiffs' characterization of their cause of action to which no

response is required. To the extent Paragraph 8 may be deemed to contain factual averments requiring an answer, Defendant denies Paragraph 8.

9. Paragraph 9 contains Plaintiffs' characterization of their cause of action to which no response is required. To the extent Paragraph 9 may be deemed to contain factual averments requiring an answer, Defendant denies Paragraph 9.

10. Paragraph 10 contains Plaintiffs' characterization of their cause of action to which no response is required. To the extent Paragraph 10 may be deemed to contain factual averments requiring an answer, Defendant denies Paragraph 10.

11. Paragraph 11 contains Plaintiffs' characterization of their cause of action to which no response is required. To the extent Paragraph 11 may be deemed to contain factual averments requiring an answer, Defendant denies Paragraph 11.

12. Paragraph 12 constitutes Plaintiffs' request for relief to which no response is required. Insofar as an answer may be deemed necessary, Defendant denies that Plaintiffs are entitled to the relief sought, or to any part thereof, or to any relief whatsoever.

**II. Jurisdiction and Venue**

13. Defendant states that the first and second sentences of Paragraph 13 contains Plaintiffs' statements regarding jurisdiction, and conclusions of law, to which no response is required. To the extent that it may be deemed to contain factual averments, deny. As to the third and fourth sentences, Defendant admits only that Plaintiffs filed their formal consolidated complaints in two groups and that the original complaints were amended but denies the balance of the allegations for want of knowledge. Defendant admits subsection (a) of Paragraph 13 and denies subsections (b) and (c).

14. To the extent that the allegations contained in paragraph 14 express Plaintiffs' contentions and conclusions of law, they do not require a response from the defendant. To the extent an answer is required, deny.

15. Defendant states that Paragraph 15 contains Plaintiffs' statements regarding venue, and conclusions of law, to which no response is required. To the extent that Paragraph 15 may be deemed to contain factual averments, Defendant denies Paragraph 15 of the Plaintiffs' complaint. Defendant admits that the Department's headquarters are located in Washington, D.C., all Plaintiffs were former employees of the Department, and that Plaintiff Shell in currently employed by the Department in Headquarters.

### III.  Description of the Parties

16. Defendant admits the allegations contained in the first sentence of Paragraph 16. With regard to the second of Paragraph 16, Defendant admits that each Plaintiff is over the age of forty. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in the second sentence of Paragraph 16 alleging that each plaintiff is disabled within the meaning of the Rehabilitation Act, and therefore denies it.

17. Defendant admits the allegations contained in Paragraph 17.

18. Defendant admits only that prior to October 1, 2005, Plaintiff Bashin was employed as a Supervisory Vocational Rehabilitation Specialist at the Region IX (San Francisco) office of RSA. Defendant admits only that prior to July 2, 2005, Plaintiff Mitchell was employed as a Supervisory Socio-Economic Specialist in the Region III (Philadelphia) office of RSA. Defendant denies all other allegations contained in Paragraph 18 of the Plaintiffs' Complaint.

19. Defendant admits only that prior to October 1, 2005, Defendant Levy worked as a

GS-501-13, Financial Management Specialist in Region V (Chicago), and denies the remaining allegations contained in Paragraph 19 of the Plaintiffs' Complaint. As to Plaintiff Niemi, Defendant admits.

20. Defendant denies the allegations contained in Paragraph 20.

21. Defendant admits only that, as of August 22, 2004, each of the Plaintiffs were 40 years of age or older and denies the remaining allegations contained in Paragraph 21 for want of knowledge.

22. Defendant admits that Plaintiff Anderson's date of birth (DOB) is in 1951. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the remainder of Paragraph 22 and therefore denies them.

23. Defendant admits that Plaintiff Bashin's date of birth is in 1955. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the remainder of Paragraph 23 and therefore denies them.

24. Defendant admits that Plaintiff Cordova's date of birth is in 1955. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the remainder of Paragraph 24 and therefore denies them.

25. Defendant admits only that Mr. Deaver identifies himself as African American.

26. Defendant admits that Plaintiff Evans' DOB is in 1941, but is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the remainder of Paragraph 26 and therefore denies them.

27. Defendant admits that Plaintiff Farrell's date of birth is in 1940, but is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in

the remainder of Paragraph 27 and therefore denies them.

28.  Defendant admits that Plaintiff Fuller's DOB is in 1949, but is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the remainder of Paragraph 29 and therefore denies them.

29.  Defendant admits that Plaintiff Garber's DOB is in 1949, but is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the remainder of Paragraph 29 and therefore denies them.

30.  Admit.

31.  Admit.

32.  Defendant admits that Plaintiff Linster's DOB is in 1949, but is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the remainder of Paragraph 32 and therefore denies them.

33.  Admit.

34.  Defendant admits that Plaintiff Nelson's date of birth is in 1952 but is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the remainder of Paragraph 34 and therefore denies them.

35.  Admit.

36.  Defendant admits that Plaintiff Nightingale's date of birth is in 1964, but is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the remainder of Paragraph 34 and therefore denies them.

37.  Defendant admits that Plaintiff Pacinelli's DOB is in 1934 but states that he is currently seventy-two years old and denies the remaining allegations contained in Paragraph 37

of the Plaintiffs' Complaint.

38. Defendant admits that Plaintiff Rose's DOB is in 1952, but is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the remainder of Paragraph 38 and therefore denies them.

39. Defendant admits that Plaintiff Shell's date of birth is 1951 but is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the remainder of Paragraph 34 and therefore denies them.

40. Defendant admits that Plaintiff Tellier's DOB is in 1954, but is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the remainder of Paragraph 40 and therefore denies them.

41. Defendant admits the Plaintiffs' allegations contained in the first part of the first sentence of Paragraph 41 specifically that Plaintiffs Bashin, Evans, Linster, Nelson, Nightingale and Shell were hired under a Schedule A authority. Defendant admits that Mr. Bashin was hired in January 2004 and was terminated pursuant to the RIF. The remainder of the first sentence and the second sentence contain Plaintiff's characterization of the complaint, and the regulations cited speak for themselves. To the extent that the allegations contained in paragraph 41 express Plaintiffs' contentions and conclusions of law, they do not require a response from the defendant. To the extent an answer is required, deny. Deny all further allegations contained in Paragraph 41.

42. Defendant admits that, effective July 2, 2005, Ms. Koreski, Mr. Linster, and Ms. Niemi took early retirement, and that they, along with Mr. Mitchell, filed a complaint with the Department's EEO Group, and denies the remainder of the allegations contained in the first

sentence of Paragraph 42. Defendant further states that Mr. Mitchell took an optional retirement effective July 2, 2005.

43. Defendant admits that the date of the RIF notices, sent to the Plaintiffs, who did not retire on July 2, 2005, was July 14, 2005. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the remainder of Paragraph 43 and therefore denies them.

44. Defendant admits only that the effective date of the RIF was September 30, 2005, and that Plaintiffs Bashin, Cordova, Deaver, Garber, Nelson, Pacinelli, Rose and Tellier were separated from federal service on September 30, 2005. Defendant denies the remaining allegations contained in Paragraph 44.

45. Defendant admits only that Plaintiffs Farrell and Fuller retired effective September 30, 2005. Defendant denies the remaining allegations contained in Paragraph 45.

46. Defendant admits that the effective date of Plaintiff Evans' retirement was January 3, 2006, and denies the remaining allegations contained in the first sentence of Paragraph 46. The second sentence of Paragraph 46 contains Plaintiff Evans' subjective beliefs and characterization of his claim to which no response is required. To the extent the second sentence may be deemed to contain factual averments requiring an answer, Defendant denies.

47. Defendant admits that the effective date of Plaintiff Nightingale's resignation was November 26, 2005, and denies the remaining allegations in the first sentence of Paragraph 47. The second sentence of Paragraph 47 contains Plaintiff Nightingale's subjective beliefs and characterization of her claim to which no response is required. To the extent the second sentence may be deemed to contain factual averments requiring an answer, Defendant denies. However,

Defendant admits that Plaintiff Nightingale exhausted her administrative remedies.

48. Defendant admits the allegations contained in the first sentence of Paragraph 48. The second sentence contains Plaintiff's characterization of the complaint, and the statutes cited speak for themselves.

## IV. Statement of the Facts

49. Deny.

50. Defendant admits that Dr. Andrew Pepin is the Executive Administrator of OSERS and that RSA is a component of OSERS, and denies the remaining allegations contained in Paragraph 50.

51. Deny.

52. Defendant denies resisting hiring qualified blind job applicants as stated in the first sentence of Paragraph 52. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 52 and therefore denies them.

53. Deny.

54. Defendant denies the allegations contained in the first, second and fourth sentences of Paragraph 54 of the Plaintiffs' Complaint. The third sentence contains Plaintiff's characterization of law, and the statute cited speaks for itself. To the extent an answer is required, deny.

55. Defendant admits that the agency announced plans to close the RSA Regional offices on or around February 2005, and denies the remaining allegations contained in Paragraph 55.

56. Defendant admits the allegations in the first sentence of paragraph 56 of the

Plaintiffs' complaint. Defendant denies the allegations in the second sentence of paragraph 56.

57. Defendant admits the allegations in the first sentence of paragraph 57 of the Plaintiffs' complaint. Defendant denies the allegations contained in the second sentence of paragraph 57 of the Plaintiffs' complaint.

58. Defendant admits only that all individuals employed in RSA regional offices on July 14, 2005 were issued RIF notices on that date, and denies the remaining allegations in the first sentence of Paragraph 58. Defendant denies the allegations contained in the second sentence of Paragraph 58.

59. Defendant admits that there was no transfer of functions from the RSA Regional Offices to RSA Headquarters and that Defendant was therefore not required to offer transfers to RSA Regional employees, and denies the remaining allegations in the first sentence of Paragraph 59. Defendant denies the allegations in the second sentence. Defendant admits the allegations in the third sentence. Defendant denies the allegations in the remainder of Paragraph 59.

60. Defendant denies the allegations contained in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant admits only that it offered positions in Washington D.C., for which Plaintiffs submitted applications, to Plaintiffs Anderson, Evans, Farrell, Fuller, Garber, Levy, Nelson, Nightingale, Shell and Tellier, which would require them to relocate and denies the remaining allegations in Paragraph 62.

63. Defendant admits that after receiving the job offers described in Defendant's response to Paragraph 62, above, Plaintiffs Farrell, Garber, Nelson and Tellier requested to telecommute to Washington, D.C. from their residences in the regional office locations up to five

days a week, and denies the remaining allegations in the first sentence of Paragraph 63. Defendant denies the allegations in the second sentence of Paragraph 63. Defendant further admits that Plaintiffs were separated from the Agency and denies the balance of the allegations in the third sentence of Paragraph 63, and further states that it informed Plaintiffs that it would consider their requests for reasonable accommodation and asked for additional information in order to engage in an interactive process to fully consider their requests, in accordance with the Department's Reasonable Accommodations Handbook, but that Plaintiffs refused to submit the information and rejected the job offers.

64. Defendant denies the first, second and third sentence of Paragraph 64 of the Plaintiffs' Complaint. Defendant is without knowledge as the allegations contained in the fourth sentence and denies the allegations contained in the fifth sentence of Paragraph 64.

65. Defendant denies the allegations contained in Paragraph 65 of the Plaintiffs' Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of the Plaintiffs' Complaint.

67. Defendant admits that it announced vacancies under announcement Numbers OSERS 2005-46 and OSERS-2006-0001, and denies the remaining allegations contained in Paragraph 67.

68. Defendant denies the allegations contained in Paragraph 68 of the Plaintiffs' Complaint..

69. Defendant denies the allegations contained in Paragraph 69 of the Plaintiffs' Complaint.

## VI. Statement of the Claims

70. Defendant denies the allegations in Paragraph 70, and repeats and incorporates its answers to Paragraphs 1 through 69 of the Plaintiffs' complaint as if fully restated and realleged herein in response to paragraph 70.

71. Defendant denies the allegations in Paragraph 71, and repeats and incorporates its answers to Paragraphs 1 through 69 of the Plaintiffs' complaint as if fully restated and realleged herein in response to paragraph 71.

72. Defendant denies the allegation in paragraph 72, and repeats and incorporates its answers to Paragraphs 1 through 69 of the Plaintiffs' complaint as if fully restated and realleged herein in response to Paragraph 72.

73. Defendant denies the allegations in Paragraph 73, and repeats and incorporates its answers to Paragraphs 1 through 69 of the Plaintiffs' complaint as if fully restated and realleged herein in response to paragraph 73.

74. Defendant denies the allegations in Paragraph 74, and repeats and incorporates its answers to paragraphs 1 through 69 of the Plaintiffs' complaint as if fully restated and realleged herein in response to Paragraph 74.

75. Defendant denies the allegations in Paragraph 75, and repeats and incorporates its answers to Paragraphs 1 through 69 of the Plaintiffs' complaint as if fully restated and realleged herein in response to paragraph 75.

76. Defendant denies the allegations in paragraph 76, and repeats and incorporates its answers to paragraphs 1 through 69 of the Plaintiffs' complaint as if fully restated and realleged herein in response to Paragraph 76.

77. Defendant denies the allegations in Paragraph 77, and repeats and incorporates its answers to Paragraphs 1 through 69 of the Plaintiffs' complaint as if fully restated and realleged herein in response to Paragraph 77.

The remainder of Plaintiffs' complaint contains Plaintiffs' Prayer for Relief and Jury Demand, which does not require a response. To the extent a response is required, Defendant denies.

Defendant further denies that Plaintiffs are entitled to the relief requested, or to any part thereof, or to any relief whatsoever.

Defendant denies each and every allegation in the Complaint that has not been previously otherwise qualified or denied.

WHEREFORE, Defendant having fully answered, requests that Plaintiffs' complaint be dismissed with prejudice, that costs be assessed against Plaintiffs, and any other relief deemed just and proper.

Dated this 18th day of December, 2006.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122

Assistant United States Attorney

 /s/
HEATHER GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Rm. 4-4808
Washington, D.C.  20530
(202) 305-1334

Attorneys for Defendant