IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RICHARD ANDERSON, et al.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No. 06-1565 (RMC) |
| ) | |
| **MARGARET SPELLINGS, Secretary,** ) | |
| **U.S. Department of Education** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**PARTIES' JOINT REPORT AND BRIEF STATEMENT OF THE CASE**

Pursuant to Local Rule 16.3, Fed. R. Civ. P. the parties conferred by telephone and electronic transmission. This report sets forth the parties' agreement or respective positions with respect to scheduling further matters in this action.

**BACKGROUND**

Plaintiffs, on the basis of age, disability and reprisal, challenge their separation by reduction-in-force (RIF), that resulted in the impending closure of the ten regional offices of the Department of Education ("the Department" or Defendant), Rehabilitation Services Administration (RSA). The closure is the result of a reorganization and separation affecting all regional office employees that took effect on September 30, 2005. The reorganization was first proposed in April 2005, involved efforts to spur early retirement in May and June 2005 and finally led to a reduction in force (RIF) initiated in July 2005. In their lawsuit, Plaintiffs claim that the reorganization and RIF adversely and unfairly impacted them based on their age (over 40) and disability and that the reorganization is motivated by discriminatory animus against, and a desire to avoid accommodating, the disabled. Plaintiffs further contend that the Defendant's

failure to allow them to transfer with their functions to Headquarters under 5 U.S.C. § 3503 rather than be separated by RIF was based on their age and disability.

Plaintiffs also allege discrimination in connection with the denial of relocation benefits and reasonable accommodation to some of the plaintiffs; and discrimination on the bases of reprisal, age, disability and/or race when the Department failed to select some of the plaintiffs for vacancies announced under Vacancy Announcement Nos. OSERS-2005-0018 and OSERS-2005-0019.  Plaintiffs further allege discrimination in connection with the timing of Vacancy Announcement Nos. OSERS-2005-46 and OSERS-2006-001 such that some plaintiffs were allegedly deprived of priority consideration under the Department's Career Transition Assistance Program; and discrimination based on reprisal, age and disability when the Department allegedly altered its CTAP policy so as to deprive some of the plaintiffs of priority consideration for vacancies in the Department's Office for Civil Rights Regional Offices advertised under Vacancy Announcements OCR 2005-056 and RBX-05-03, among others.

## COMPLIANCE WITH LOCAL RULE 16.3(c)

Counsel for the parties conferred on February 7, 8, 16, 19, and 21 to discuss the matters set forth in Local Rule 16.3(c).  Their positions on those matters are set forth below.  The text of the rule describing those matters appears in italics, followed by the parties' comments.

(1)     *Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.*

No dispositive motion having been filed, discovery should not be stayed.  The defendant intends to file a dispositive motion that will resolve some or all issues in the case.

(2)   *The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

The parties do not anticipate joining additional parties or amending their pleadings. The parties may be able to stipulate to many of the facts, reducing greatly the material issues of fact; however, this may require completion of discovery. Neither party believes that the legal or factual issues can be limited or agreed upon at this time.

(3)   *Whether the case should be assigned to magistrate judge for all purposes, including trial.*

The parties do not consent to the assignment of this case to a Magistrate Judge for any purpose at this time.

(4)   *Whether there is a realistic possibility of settling the case.*

Defendant does not believe that there is a realistic possibility of settlement prior to the close of discovery. However, Plaintiffs are willing to mediate the case prior to initiating discovery.

(5)   *Whether the case could benefit from the Court's alternative dispute resolution (ADR)procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their client.*[1]

Defendant proposes that the case, at least in part, may be resolved by dispositive motion; therefore, ADR is not an option at this juncture but may be at the end of discovery. As noted above, Plaintiffs are willing to mediate the case at any time, particularly prior to expending the time and labor associated with discovery. Plaintiffs note that the dramatic increase in costs

---

[1] Subsections (i) through (v) are not repeated herein.

inevitable to discovery may pose a barrier to a later settlement and thus the possibility should be explored now.

(6)     *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies, and proposed dates for a decision on the motions.*

Based upon the current state of the record, Plaintiffs do not envision that they will be filing any motions for summary judgment. Should evidence come to light in discovery which alters this assessment, they will inform the Court as soon as practicable. Plaintiffs request at least 30 days from the date any dispositive motion is filed in which to submit their opposition.

Defendant believes that the case may be resolved by summary judgment, and plans to file such motion. Defendant proposes any motion for summary judgment be filed no later than 60 days after the end of discovery. In this case, we are proposing that fact and expert discovery run until March 28, 2008, and dispositive motions be submitted no later than June 3, 2008.

(7)     *Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and if not, what if any changes should be made and the scope, form or timing of those disclosures.*

Plaintiffs do not believe that initial disclosures should be dispensed with; however, the parties have agreed that each will require more time in which to provide the initial disclosures. The parties have stipulated that they will submit their initial disclosures on or before **May 25, 2007.**

Plaintiffs are particularly in need of initial disclosures with respect to the current extent, status and locations of (1) the administrative record associated with the closures of the agency's regional offices in September 2005; (2) the administrative record associated with the agency's conduct of the September 30, 2005 reduction in force; (3) the records of the now defunct regional

offices, which are vital to establishing Plaintiffs' entitlement to have transferred with their functions to the agency's headquarters when the regional offices were closed; and (4) the administrative record of the numerous selection processes which took place during August and September 2005 in which Plaintiffs were forced to compete for positions at headquarters and many were not selected despite being the best qualified applicants for the various advertised vacancies.

Defendant objects to the plaintiff's characterization of its duties and will, in its initial disclosures, produce documents that are required to be produced pursuant to Rule 26(a)(1). As a result, all of the documents that plaintiffs list in the preceding paragraph may not be a part of its initial disclosures.

(8)     *The anticipated extent to discovery, how long discovery should take, what limits should be place on discovery (e.g. number of interrogatories, number of deposition, duration of depositions), whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions and depositions.*

Plaintiffs aver that several months will be required to complete discovery, since the agency has indicated that it will depose each of the nineteen plaintiffs, and Plaintiffs in turn expect to depose approximately fifteen to twenty witnesses. Plaintiffs see no need for any protective order. Plaintiffs suggest that inasmuch as they have filed a consolidated complaint, written discovery requests should not be propounded to the Plaintiffs individually but rather that Plaintiff and Defendant should each propound one set of written requests, limited to one hundred interrogatories, requests for admission and document requests each.

Given the number of causes of action in this case as well as the number of plaintiffs (19), defendant proposes that discovery take approximately one year and be completed on March 28,

2008. Defendant wishes to limit the number of each request for admissions and production of documents to 25, e.g., defendant will send no more than 25 individual requests for the production of documents and/or admissions to each plaintiff. Each deposition should be limited to 7 hours. Defendant believes that a protective order is appropriate and intends to prepare and file same.

*(9)    Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P. should be modified and whether and when deposition of experts should occur.*

Defendant does not wish to waive the requirement of expert witness reports. Defendant proposes that expert witness reports be due on January 15, 2008 and the deposition of expert witnesses take place toward the end of discovery, i.e., February and March of 2008. Plaintiffs do not oppose this suggestion.

*(10)    In class actions, appropriate procedure for dealing with rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

N/a

*(11)    Whether the trials and/or discovery should be bifurcated or managed in phases, and a specific proposal for bifurcation.*

Plaintiffs suggest that while one discovery process would be the most efficient, it may be beneficial to bifurcate the trial to address first the question of whether discrimination occurred and whether Plaintiffs are entitled to relief; and if so, then a second phase could address what forms the relief should take.

Defendant does not oppose this suggestion.

*(12)    The date for the pretrial conference (understanding that a trial with take place 30 to 60 days thereafter).*

The parties would like the Court to set a Status Conference at the end of Discovery.

(13) *Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

    The parties propose that the trial date should be set at the pretrial conference.

Respectfully submitted,

| | |
|---|---|
| /s/ per e-mail consent | /s/ |
| GEORGE CHUZI, Esq. | JEFFREY A. TAYLOR, D.C. BAR # 498610 |
| D.C. BAR # 336503 | United States Attorney |
| HEATHER G. WHITE, Esq. | |
| D.C. BAR # 497159 | |
| KALIJARVI, CHUZI & NEWMAN, P.C. | /s/ |
| 1901 l. Street, NW | |
| Suite 610 | RUDOLPH CONTRERAS, |
| Washington, D.C. 20036 | D.C. BAR # 434122 |
| Tel: (202) 331-9260 | Assistant United States Attorney |
| Fax: (202) 331-9261 | |
| | /s/ |
| | HEATHER D. GRAHAM-OLIVER |
| | Assistant United States Attorney |
| | Judiciary Center Building |
| | 555 4th St., N.W. |
| | Washington, D.C. 20530 |
| | (202) 305-1334 |