IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RICHARD ANDERSON, et al.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No. 06-1565 (RMC) |
| ) | |
| **MARGARET SPELLINGS, Secretary,** ) | |
| **U.S. Department of Education** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**PARTIES' AMENDED JOINT REPORT AND BRIEF STATEMENT OF THE CASE**

Pursuant to Local Rule 16.3, Fed. R. Civ. P. the parties conferred by telephone and electronic transmission. This report sets forth the parties' agreement or respective positions with respect to scheduling further matters in this action.

## BACKGROUND

Plaintiffs, on the basis of age, disability and reprisal, challenge their separation by reduction-in-force (RIF), that resulted in the impending closure of the ten regional offices of the Department of Education ("the Department" or Defendant), Rehabilitation Services Administration (RSA). The closure is the result of a reorganization and separation affecting all regional office employees that took effect on September 30, 2005. The reorganization was first proposed in April 2005, involved efforts to spur early retirement in May and June 2005 and finally led to a reduction in force (RIF) initiated in July 2005. In their lawsuit, Plaintiffs claim that the reorganization and RIF adversely and unfairly impacted them based on their age (over 40) and disability and that the reorganization is motivated by discriminatory animus against, and a desire to avoid accommodating, the disabled. Plaintiffs further contend that the Defendant's failure to

allow them to transfer with their functions to Headquarters under 5 U.S.C. § 3503 rather than be separated by RIF was based on their age and disability.

Plaintiffs also allege discrimination in connection with the denial of relocation benefits and reasonable accommodation to some of the plaintiffs; and discrimination on the bases of reprisal, age, disability and/or race when the Department failed to select some of the plaintiffs for vacancies announced under Vacancy Announcement Nos. OSERS-2005-0018 and OSERS-2005-0019. Plaintiffs further allege discrimination in connection with the timing of Vacancy Announcement Nos. OSERS-2005-46 and OSERS-2006-001 such that some plaintiffs were allegedly deprived of priority consideration under the Department's Career Transition Assistance Program; and discrimination based on reprisal, age and disability when the Department allegedly altered its CTAP policy so as to deprive some of the plaintiffs of priority consideration for vacancies in the Department's Office for Civil Rights Regional Offices advertised under Vacancy Announcements OCR 2005-056 and RBX-05-03, among others.

## COMPLIANCE WITH LOCAL RULE 16.3(c)

Counsel for the parties conferred on February 7, 8, 16, 19, and 21, 2007 to discuss the matters set forth in Local Rule 16.3(c). Counsel conferred further on May 9, 2008. Their positions on those matters are set forth below. The text of the rule describing those matters appears in italics, followed by the parties' comments.

(1)   *Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.*

No dispositive motion having been filed, discovery should not be stayed. The defendant intends to file a partial dispositive motion that will resolve some of the issues in the case, prior to the end of discovery, on or before July 25, 2008. The Defendant intends to file another dispositive motion at the end of discovery on or before July 23, 2009.

(2)   *The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

The parties do not anticipate joining additional parties or amending their pleadings. The parties may be able to stipulate to many of the facts, reducing greatly the material issues of fact; however, this may require completion of discovery. Neither party believes that the legal or factual issues can be limited or agreed upon at this time.

(3)   *Whether the case should be assigned to magistrate judge for all purposes, including trial.*

The parties may be willing to consent to the assignment of this case to a Magistrate Judge solely to resolve any discovery disputes which may arise.

(4)    *Whether there is a realistic possibility of settling the case.*

Defendant does not believe that there is a realistic possibility of settlement prior to the close of discovery. However, the parties would be willing to attend mediation of the dispute in December 2008, following written discovery and preceding the bulk of the depositions, which the parties propose to conduct during January - May 2009.

(5)   *Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to*

*facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their client.*[1]

Please see response to Statement (4), above.

(6) *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies, and proposed dates for a decision on the motions.*

Based upon the current state of the record, Plaintiffs do not envision that they will be filing any motions for summary judgment. Should evidence come to light in discovery which alters this assessment, they will inform the Court as soon as practicable.

Defendant plans to file a motion for partial summary judgment no later than July 25, 2008. Defendant will file a motion for summary judgment as to the remainder of the claims following the close of discovery on or about July 23, 2009. Plaintiffs request at least 30 days from the date any dispositive motion is filed in which to submit their opposition.

(7) *Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and if not, what if any changes should be made and the scope, form or timing of those disclosures.*

Plaintiffs submitted their initial disclosures on May 25, 2007. Defendant completed its initial disclosures on May 25, 2007. Defendant produced an Accession List (index of labeled boxes on February 7, 2008; First Inventory List (first half of unlabeled boxes) on March 7, 2008; and Final Inventory List (remaining unlabeled boxes) on April 4, 2008. Defendant produced 7 DVDs containing plaintiff's electronic mail on May 9, 2008.

(8) *The anticipated extent to discovery, how long discovery should take, what limits should be place on discovery (e.g. number of interrogatories, number of deposition, duration of depositions), whether a protective order is appropriate; and a date for the completion of*

---

[1] Subsections (i) through (v) are not repeated herein.

> *all discovery, including answers to interrogatories, document production, requests for admissions and depositions.*

The parties aver that several months will be required to complete discovery. Defendant has indicated that it will depose each of the nineteen plaintiffs as well as other witnesses, and Plaintiffs in turn expect to depose approximately thirty to forty witnesses. The parties estimate that they will need until December 31, 2008 to complete written discovery. Defendant will acquire the commitment of all officials of the Department of Education to ensure their availability for deposition in 2008; however, plaintiff desires to depose at least one of plaintiff's witnesses in September 2008. Depositions of Plaintiffs, any expert witnesses, and other witnesses, will be completed between January 1 and May 30, 2009.

The parties propose that Plaintiffs as a group and Defendant should each propound one set of written requests, limited to no more than three hundred interrogatories, and one hundred requests for admissions. The Parties agree to confer and defer the total number of requests for the production of documents until the Status Conference of May 16, 2008.

The parties agree to further discuss the electronic format in which documents are to be produced and supplement the 16.3 statement accordingly. To the extent that electronic documents are identified and there is a large number to produce, which at this juncture is hard to predict, the parties will enter into an agreement with respect to the assertion of privilege.

Each deposition should be limited to 7 hours. The parties have agreed to make alternative arrangements (either traveling or using telephone or teleconferencing technology) for the depositions of those Plaintiffs and Defendants who have travel limitations due to their disabilities.

(9) *Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P. should be modified and whether and when deposition of experts should occur.*

Plaintiffs will furnish any expert witness reports by January 15, 2008. Defendant's expert witness reports will be due on March 15, 2009 and the deposition of expert witnesses take place toward the end of discovery, i.e., April-May of 2009.

(10) *In class actions, appropriate procedure for dealing with rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

N/A

(11) *Whether the trials and/or discovery should be bifurcated or managed in phases, and a specific proposal for bifurcation.*

The parties suggest that while one discovery process would be the most efficient, it may be beneficial to bifurcate the trial to address first the questions whether violations of 29 U.S.C. §700 et seq. (the Rehabilitation Act), and 29 U.S.C. §§621, 633a et seq. (the ADEA) occurred and whether Plaintiffs are entitled to relief; and if so, then a second phase could address what forms the relief should take.

(12) *The date for the pretrial conference (understanding that a trial with take place 30 to 60 days thereafter).*

The parties would like the Court to set a Status Conference at the end of Discovery.

(13) *Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

The parties propose that the trial date should be set at the pretrial conference.

Respectfully submitted,

| /s/ | /s/ |
|---|---|
| Jeffrey A. Taylor, D.C. Bar # 498610<br>United States Attorney | George M. Chuzi, Esq., D.C. Bar # 336503 |

| /s/ | /s/ |
|---|---|
| Rudolph Contreras, D.C. Bar # 434122<br>Assistant United States Attorney | Heather G. White, Esq., D.C. Bar # 497159 |

/s/

Heather D. Graham-Oliver
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 305-1334

*Attorneys for Defendants*

KALIJARVI, CHUZI & NEWMAN, P.C.
1901 L Street, NW
Suite 610
Washington, DC 20036
(202) 331-9260
*Attorneys for Plaintiffs*