UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **RICHARD ANDERSON,** *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 06-1565 (RMC) |
| **ARNE DUNCAN,** *in his official capacity as the Secretary of the U.S. Department of Education*, | ) ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Plaintiffs claim that counsel for Defendant Arne Duncan, Secretary of Education, misled this Court when Government counsel argued that they discovered new evidence that it was former Secretary Margaret Spellings who decided to close certain regional offices, causing the disabled and older Plaintiffs to lose their jobs. Based upon the new evidence, the Court allowed Secretary Duncan to amend his Answer and reopened discovery. Plaintiffs seek reconsideration.

The motion to reconsider will be denied.

### I.    FACTS

Plaintiffs bring claims for disability and age discrimination under the Rehabilitation Act, 29 U.S.C. § 700 *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 633a *et seq*, based upon closure of regional offices of DoEd's Rehabilitation Services Administration ("RSA"), where they were employed. The offices were closed on September 30,

2005, they sued in 2006, and discovery has been long and laborious. In February 2012, the Court granted the Secretary's December 2011 motion,[1] Dkt. 51, and allowed Secretary Duncan to amend his Answer to add new affirmative defenses. Government counsel asked to amend the Answer after they discovered that Secretary Spellings was the individual who decided to close RSA regional offices. This fact became known only during the deposition of Assistant Education Secretary Troy Justesen, who was thought to be the key decisionmaker. Government counsel reported that, following the deposition, they spoke with Secretary Spellings, who gave them consulting reports from Boston Consulting Group ("BCG") that recommended the closures. The reports were shared at only the very highest levels of the Department and were previously unknown to counsel. This evidence appeared to change the nature of the closure decision as well as the relevant decision-makers.

Plaintiffs now move for reconsideration of the Court's order allowing an amended Answer. They contend that Government counsel affirmatively misled the Court "when [they] alleged that [they had] recently learned from Justesen that Spellings was the official who decided to close the RSA regional offices [and] that [they] had also learned from Spellings that BCG documents were critical newly discovered evidence regarding the decision." Pls.' Mem. [Dkt. 70-1] at 9-10. Plaintiffs argue, as they did in opposing the Secretary's motion to amend his Answer, that the decision to close the RSA regional offices was made in late 2004, when Secretary Spellings was not yet Secretary. The Government responds that Secretary Spellings influenced the closure decision in her role as a domestic policy advisor in the White House.

---

[1] This motion was entitled "Renewed Motion for Leave to File Amended Answer or, Alternatively, Motion for Clarification of the Court's Minute Orders of September 14 and 16, 2010." It was treated as a motion for reconsideration under Federal Rule of Civil Procedure 54(b).

Secretary Spellings has now been deposed. Plaintiffs argue that she testified: 1) she advised on budget decisions but was not the decision-maker with respect to cutting RSA regional offices from the FY 2008 budget; and 2) the BCG documents were not related to the closure of the RSA offices. *See* Mot. to Reconsider, Ex. 1 [Dkt. 70-2] at 57, 61. Accordingly, Plaintiffs argue that Government counsel misrepresented that Secretary Spellings was the individual who decided to close RSA regional offices and the role that the BCG documents played in this decision. Since this was the basis for the Court's approval of an amended Answer, Plaintiffs ask the Court to reverse course.

Government counsel deny they misled this Court. They argue that they "noted [Secretary Spellings's] role in the process and later discovered evidence showing that others were involved" in the decision to close RSA regional offices. Def.'s Opp'n [Dkt. 78] at 2. They stand by their assertion that Secretary Spellings was part of the decision to close the regional offices, although she was only one of many White House officials who participated in the decision-making process. Government counsel deflect Plaintiffs' claims that the BCG reports were delivered too late to have impacted the closure decision, arguing that they had "a good faith reason to believe that the BCG report[s were] part of an overarching decision making process to close the regional offices." *Id*. at 6.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Relief under Rule 54(b) is available "as justice requires." *DL v. District of Columbia*, 274

F.R.D. 320, 324 (D.D.C. 2011).  "[A]sking 'what justice requires' amounts to determining, within the court's discretion, whether reconsideration is necessary under the relevant circumstances."  *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005).

Circumstances that support reconsideration include whether the court has "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court."  *Ficken v. Golden*, 696 F. Supp. 2d 21, 35 (D.D.C. 2010) (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004) (internal quotations marks omitted)).  A court's discretion under Rule 54(b) is limited by the law of the case doctrine and "subject to the caveat that, where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again."  *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005).

### III.  ANALYSIS

The reduction in force that closed the RSA regional offices at issue here occurred on September 30, 2005.  This lawsuit was filed a year later.  Since the offices' closing, all documents relevant to discovery were warehoused in hundreds of boxes that had to be manually searched.  It has been a difficult and contentious matter to bring through discovery.  The late amendment to the Answer was no help for frayed nerves.  Notably, the case has progressed to pending dispositive motions for complete or partial summary judgment filed by both sides.

The history helps explain the vehemence with which the current motion for reconsideration is litigated.  As Plaintiffs argue, former Secretary Spellings testified that the BCG reports were not "associated in any way with the process or the decision to eliminate the

4

RSA Regional Offices."  *See* Pls.' Mot. to Reconsider, Ex. 1 [Dkt. 70-2] at 61.  At this time, the evidence shows that Secretary Spelling was aware of the decision to cut the RSA regional offices from the budget and played some uncertain role, but was not the final decision-maker.  Nonetheless, it cannot be found that Government counsel affirmatively misled the Court.  This is a decision for which no one appears to want to claim ownership and counsel's legitimate difficulty in reconstructing history is obvious.

In an attempt to bolster their claim of fraud, Plaintiffs emphasize certain points made previously.  They focus on previously cited evidence to demonstrate that the BCG reports could not have been relevant to the decision to close the RSA regional offices, as Government counsel represented, because they were dated in 2005, after the decision was made.  They argue that Government counsel was aware of that timeframe and therefore undisputedly misled the Court.  Pls.' Mem. at 10.  The problem is that the evidence cited does not definitively show exactly when the closure decision was made — only sometime between late 2004 and early 2005.  Pls.' Opp'n to Def's Mot. for Reconsideration, Ex. 12 [Dkt. 52-12]; *see also id.*, Ex. 13 [Dkt. 52-13] at 27 (Deputy Assistant Secretary John E. Hager confirming that the decision was made in "early 2005"); *see generally*, Pls.' Reply, Ex. 3 [Dkt. 80-3].  With such uncertainty, the good faith of Government counsel's representation that the BCG reports and analysis were important is not diminished.

Plaintiffs also argue, as they did in opposing the motion to amend the answer, that the BCG reports did not directly address closing the RSA regional offices.  However, even Plaintiffs note that the consultant reports generally mentioned eliminating portions of DoEd's regional presence.  Pls.' Opp'n at 8.  It was not bad faith for Government counsel to interpret the

5

BCG reports as "setting a policy direction towards closing many, but not all, regional offices." Def.'s Reply [Dkt. 55] at 6.

Accordingly, the circumstances do not support Plaintiffs' request that the Court reconsider its ruling that allowed an amended Answer. Plaintiffs' claims of misrepresentation or fraud overplay the obvious confusion in the record. "Fraud on the court is a narrow concept, limited to 'the most egregious conduct involving a corruption of the judicial process itself.'" *Cobell*, 334 F.3d at 1148 (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2870, 418 (2d ed. 1995)). And while Government counsel's initial understanding of Secretary Spellings's role may not be accurate, they continue to argue that the decision to close the RSA regional offices originated outside DoEd.

## IV.     CONCLUSION

The weaknesses that Plaintiffs perceive in the Secretary's arguments do not show bad faith or fraud. Accordingly, Plaintiffs' Motion for Reconsideration, Dkt. 70, will be denied. A memorializing Order accompanies this Memorandum Opinion.

Date: December 3, 2012                                  /s/
                                                    ROSEMARY M. COLLYER
                                                    United States District Judge